⑦

9-29-0
SC

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT LEON BUCKNER,         :
      Plaintiff

                       :

        vs.            :    CIVIL ACTION NO. 1:CV-00-1594

DR. ANTHONY BUSSANICH,     :
DONALD ROMINE, Warden
      Defendants        :

**FILED**
**HARRISBURG, PA**

SEP 2 8 2000

M E M O R A N D U M

MARY E. D'ANDREA, CLERK
Per＿＿＿＿＿＿＿＿＿＿
         Deputy Clerk

I.    Introduction.

Robert Leon Buckner, an inmate at FPC-Lewisburg,
Pennsylvania, filed this civil rights action seeking damages and
injunctive relief for the Defendants' alleged refusal to provide
medical treatment.  The defendants are Dr. Anthony Bussanich, the
doctor allegedly responsible for his care, and Donald Romine, the
warden at USP-Lewisburg.  Under Bivens v. Six Unknown Named Agents
of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29
L.Ed.2d 619 (1971), the complaint is cognizable under the Eighth
Amendment.  The Plaintiff is also making a negligence claim.

For the reasons outlined below, the complaint will be
dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a) for
failure to exhaust administrative remedies.[1]

---

[1]We also note that the Plaintiff has submitted an application
under 28 U.S.C. § 1915 to proceed in forma pauperis and has
authorized periodic deductions from his inmate account until the
filing fee has been paid.

Certified from the record
Date 9/28/00
Mary E. D'Andrea, Clerk

II.    Background.

Plaintiff avers the following.  He has Meniere's disease.  After a long course of trial and error, the disease was successfully treated by a combination of meclizine at 25 milligrams and clonazepam at 2 milligrams, administered three times a day.  Before then, the Plaintiff suffered from debilitating symptoms that included severe headaches, vertigo, tinnitus and nausea.  With the individualized treatment, however, he was virtually free of all symptoms and led a happy and constructive life.

Unfortunately, when the Plaintiff arrived at FPC-Lewisburg, Dr. Bussanich decided to reduce the dosage of clonazepam.  The Defendant did this gradually, but the Plaintiff began to suffer the symptoms of his disease.  On one occasion, when the Plaintiff became dizzy, he fell and injured his face.  Nonetheless, Dr. Bussanich has persisted in his course of treatment.

The Plaintiff has partially pursued administrative remedies.  According to attachments to the complaint, he sought an informal resolution with the medical staff and was rejected.  He then appealed to the warden.  On August 24, 2000, the warden denied relief, stating that "treatment of Meniere's disease with a combination of clonazepam and meclizine is not supported by current medical literature."  The warden also stated that medical

2

guidelines of the Bureau of Prisons call for prisoners suffering from Meniere's disease to be "tapered from" clonazepam "with substitution of a non-benzodiazepine if clinically indicated." The warden advised the plaintiff that he could appeal the denial to the Regional Director of the Bureau of Prisons.

Instead, on September 8, 2000, the Plaintiff filed this lawsuit, charging negligence and deliberate indifference to a serious medical need. Characterizing his situation as an emergency one, he seeks relief by way of an injunction directing that his original treatment be restored. He also seeks damages from Dr. Bussanich and the warden.

The BOP has established a multi-tiered system by which a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19 (1999). First, "an inmate shall . . . present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." Id. § 542.13(a). Second, if an inmate at an institution is unable to informally resolve his complaint, he may file "a formal written Administrative Remedy Request, on the appropriate form (BP-9), [within] 20 calendar days following the date on which the basis for the Request occurred." Id. § 542.14(a). The warden has twenty days in which to respond. Id. § 542.18.

If an inmate is not satisfied with the warden's response, he may appeal (on the appropriate form) to the regional director within twenty calendar days from the date of the warden's

response.  Id. § 542.15.  Finally, if the inmate is dissatisfied

with the regional director's response, he may then appeal to the

general counsel within thirty calendar days from the date of the

regional director's response.  Id.  The regional director has

thirty days, and the general counsel forty days, to respond.  Id.

§ 542.18.

III.  Discussion.

We will dismiss this action because the plaintiff has

failed to exhaust administrative remedies.  Although he sought

relief from the warden, he did not appeal to the regional director

or to the general counsel.

As amended by the Prison Litigation Reform Act in 1996,

42 U.S.C. § 1997e(a), captioned "Applicability of Administrative

Remedies," requires exhaustion of administrative remedies before

suit can be filed in federal court.  Section 1997e(a) provides as

follows:

> No action shall be brought with respect to
> prison conditions under section 1983 of this
> Title, or any other Federal law, by a prisoner
> confined in any jail, prison, or other
> correctional facility until such adminis-
> trative remedies as are available are
> exhausted.

This section applies to the plaintiff's suit because a

claim about medical treatment is one about prison conditions.  See

Booth v. Churner, 206 F.3d 289 (3d Cir. 2000)(claim based on

excessive force is a claim about conditions of confinement under

4

section 1997e(a)).  As a <u>Bivens</u> action, his lawsuit is also under federal law.  <u>See</u> <u>Nyhuis v. Reno</u>, 204 F.3d 65, 68 (3d Cir. 2000).

As interpreted by the Third Circuit, the section provides a bright-line rule that allows no exceptions.  <u>Id</u>. at 75. Thus, it is irrelevant that, in addition to injunctive relief, the Plaintiff is seeking relief, such as damages, that is unavailable in the administrative process.  <u>See</u> <u>Booth</u>, <u>supra</u>; <u>Nyhuis</u>, <u>supra</u>.

It is also irrelevant that the Plaintiff alleges that his situation is an emergency or that the Defendants are acting as a result of an established medical policy of the Bureau of Prisons.  If there is an emergency, there is no indication that the Plaintiff cannot receive effective relief by going through the remaining levels of the administrative process.  Further, requiring exhaustion would not be futile, even in the face of a Bureau policy, because it will give the Bureau an opportunity to revise its policy, if necessary.  <u>See</u> <u>Nyhuis</u>, <u>supra</u>, 204 F.3d at 70 n.6.

Based on the Plaintiff's failure to exhaust administrative remedies, this lawsuit will be dismissed.  <u>See</u> <u>Nyhuis</u>, <u>supra</u>.  We will issue an appropriate order.


William W. Caldwell
United States District Judge

Date: September 28, 2000

5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT LEON BUCKNER,                :
                                     :
        Plaintiff                    :
                                     :
        v.                           :    CIVIL NO. 1:CV-00-1594
                                     :
DR. ANTHONY BUSSANICH, M.D.,         :        (Judge Caldwell)
DONALD ROMINE,                       :
                                     :
        Defendants                   :

**FILED**
HARRISBURG, PA

SEP 2 8 2000

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

ORDER

    AND NOW, this 28th day of September, 2000, it is ordered
that:

    1.  The application to proceed in forma
pauperis (doc. 2) by paying the filing fee in
installments is granted.

    2.  The complaint is dismissed, without
prejudice, pursuant to 42 U.S.C. § 1997e(a)
for failure to exhaust administrative
remedies.

    3.  The Clerk of Court shall close this
file.


                            WILLIAM W. CALDWELL
                            United States District Judge


Certified from the record
Date  9/28/10
     Mary E. D'Andrea, Clerk
Per  George T. Gardner
     Deputy Clerk

AO 72A
(Rev 8/82)

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

September 28, 2000

Re:  1:00-cv-01594    Buckner v. Bussanich

True and correct copies of the attached were mailed by the clerk
to the following:

    Robert Leon Buckner
    USP-LEW2
    Federal Prison Camp
    33001-037
    P.O. Box 2000, Unit 1
    Lewisburg, PA  17837-2000

```
cc:
Judge                       ( ✓)
Magistrate Judge            (  )
U.S. Marshal                (  )
Probation                   (  )
U.S. Attorney               (  )
Atty. for Deft.             (  )
Defendant                   (  )
Warden                      (  )
Bureau of Prisons           (  )
Ct Reporter                 (  )
Ctroom Deputy               (  )
Orig-Security               (  )
Federal Public Defender     (  )
Summons Issued              (  ) with N/C attached to complt. and served by:
                                 U.S. Marshal ( )    Pltf's Attorney ( )

Standard Order 93-5         (  )
Order to Show Cause         (  ) with Petition attached & mailed certified mail
                                 to: US Atty Gen   ( )  PA Atty Gen ( )
                                     DA of County  ( )  Respondents ( )
Bankruptcy Court            (  )
Other_____  (  )
```

MARY E. D'ANDREA, Clerk

DATE: ___9/28/00___                    BY: _____
                                            Deputy Clerk