ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF PENNSYLVANIA**

ROBERT LEON BUCKNER,

Plaintiff, <u>pro se</u>

V.

DR. ANTHONY BUSSANICH, M.D.

and

DONALD ROMINE, WARDEN,

Defendants

FILED
HARRISBURG, PA

FEB 7 2001

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

*J. Caldwell*

**CIVIL CASE No. 1:CV-00-1594**

(Caldwell, J.)

# REPLY BRIEF OF PLAINTIFF,
# OPPOSING DEFENDANT'S MOTION TO DISMISS

ROBERT LEON BUCKNER,

Plaintiff, <u>pro se</u>

Federal Prison Camp Lewisburg
P.O. Box 2000 - Unit K01-009L
Lewisburg, Pennsylvania 17837

Dated: February 1, 2001.

## TABLE OF CONTENTS

Table of Authorities............................ ii

Case History.................................... 1 THRU 4

Question Presented.............................. 4

Argument....................................... 4 THRU 11

Conclusion..................................... 12

Certificate Of Service......................... 13

Appendix....................................... 14

i

# TABLE OF AUTHORITIES

**Cases:**

Booth v. Churner,
      202 F.3d 289 (3rd Cir. 2000), cert. granted,
      _____ U.S. _____, 121 S.Ct. 377, (October 30,
      2000)(Docket No. 99-1964)...................... 5, 6

Cruz v. Beto,
      405 U.S. 319 (1972)........................... 4, 10

Haines v. Kerner,
      404 U.S. 519 (1972)........................... 5, 10

Muscato v. Federal Bureau of Prisons,
      98 F.3d 757 (3rd Cir. 1996)................... 8

Nyhuis v. Reno,
      204 F.3d 65 (3rd Cir. 2000)................... 5, 7

Whitley v. Hunt,
      158 F.3d 882 (5th Cir. 1998).................. 7


**Federal Statutes:**

42  U.S.C.  §1983.................................. 8

42  U.S.C.  §1997e(a).............................. 6, 7


**Miscellaneous:**

Prison Litigation Reform Act ("PLRA")............... 6, 10

Webster's New Int'l Dictionary 150 (3rd ed. 1981).... 7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT LEON BUCKNER,
     Plaintiff, pro se

       v.

DR. BUSSANICH, et al.,
     Defendants

                  \*
                  \*
                  \*    CIVIL No. 1:CV-00-1594
                  \*    (Caldwell, J.)
                  \*

\*   \*   \*   \*   \*   \*   oOo   \*   \*   \*   \*   \*   \*

#### PLAINTIFF'S OPPOSITION TO DEFENDANT'S
#### MOTION TO DISMISS, OR, IN THE ALTERNATIVE,
#### PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT AND,
#### ISSUANCE OF EMERGENCY PRELIMINARY INJUNCTION, AND,
#### APPOINTMENT OF COUNSEL AND EXPERT MEDICAL WITNESS

COMES NOW, Robert Leon Buckner, Plaintiff, proceeding pro se in this action, hereby opposes the Defendant's motion to dismiss, and moves this Honorable Court to DENY such motion; to appoint counsel to represent Plaintiff; to appoint an expert medical witness; to GRANT summary judgement in favor of Plaintiff; and to make issue an emergency preliminary injunction ordering the Defendants to continue Plaintiff's medicinal regimen of Clonazepam 2mg. and Meclazine Hydrochloride 25 mg., three times a day. In support thereof, your Plaintiff states the following:

#### CASE HISTORY

Your Plaintiff, Robert Buckner, an Honorably Discharged and decorated Vietnam Veteran, sustained severe head injuries from a mine blast in the early 1970's. As a result, he suffers from, inter alia, 8th cranial nerve damage, severe Meniere's disease with the accompanying tinnitus, vertigo, nausea and headaches, among other symptoms, which are debilitating. He has gone through numerous trials of different medications and combinations thereof since his return to the States. These tests and trials by a number of Physicians

1.

and other specialists in fields such as Neurology; Ear, Nose and Throat; Psychology and Psychiatry. These were carried out in several different hospitals and other offices.

As a result of these trials, the specialists determined that the best course of action was a combination of the drugs, Diazepam and Meclazine Hydrochloride. After many years of this treatment, the drug, "Clonazepam" was placed on the market. The physicians, seeing an identical therapeutic effect in cases such as Plaintiff's, yet a milder CNS "sedative" effect than most benzodiazepines. His regimen was, after a short trial with Clonazepam, then changed to Clonazepam 2 mg. and Meclizine Hydrochloride 25 mg., taken in combination, three times a day. This combination has worked to a degree that Plaintiff was able to live a prosperous, healthy, constructive life, free of the debilitating symptoms of his Meniere's disease.

In July of 1998, Plaintiff was taken into custody by Maryland State Authorities and detained at the Baltimore City Jail for, inter alia, a Grand Jury indictment for a non-violent federal offense that occurred a number of years prior. He was subsequently transferred to the Maryland Penitentiary; Anne Arundel County Jail; Maryland Super-Maximum Security Prison; and back to the Maryland Penitentiary. During this entire period, the medical staff at the various locations above, being acquainted with Buckner's medical conditions from previous incarcerations, continued his regimen of medications, which included the combination of Clonazepam and Meclizine. It was not until Plaintiff's arrival at Lewisburg that he began to have much difficulty with maintaining his proper medicinal regimen with the medical staff (Dr. Bussanich) at Lewisburg.

2.

When Dr. Bussanich indicated that he was going to decrease Plaintiff's Clonazepam, and eventually discontinue it, Plaintiff tried in vain to explain the importance of the drug combination and what happens without it. Dr. Bussanich finally informed the Plaintiff that, if he had any documentation from the outside, he would continue the medication.

Despite the medical records subsequently received by Dr. Bussanich (See **Exhibit A**), he continued to decrease the medication.

Plaintiff attempted to resolve this problem by filing an administrative remedy ("BP-8"), which was denied. He then appealed to the Warden ("BP-9"), and was again denied. At that point, the symptoms suffered by Plaintiff were to a point that he took action in an effort to obtain an emergency preliminary injunction which would order the Defendants to continue the Clonazepam and Meclizine combination. This instant action was a result of that filing.

This action, which was filed on September 8, 2000, was dismissed without prejudice on September 28, 2000, for failure to exhaust administrative remedies. Plaintiff immediately attempted to obtain an appeal form ("BP-10") to appeal the Warden's denial. He was informed that the time had expired for an appeal and, therefore, a BP-10 was not available to him.

He subsequently asked for a BP-8 in an attempt to start the action over again. Again, Buckner was informed that a BP-8 was not available to him for such a complaint because it was "Res Judicata" by the previous filing. He then filed a Motion to vacate the court's order and reopen the case. On November 8, 2000, this case was reopened.

A motion to dismiss was purportedly filed on January 12, 2001, (Plaintiff never received), and a brief in support thereof was filed on January 29, 2001. (although without Certificate of service)

3.

On January 25, 2001, Defendants filed a motion for leave to file a brief in excess of fifteen pages. On January 27, 2001, your Plaintiff filed a response to that motion offering his concurrence to any excess pages needed to respond to his complaint.

Plaintiff Buckner now responds to Defendant's motion to dismiss his claim for failure to exhaust remedies. **1./**

## QUESTION PRESENTED

"Can Buckner maintain a cause of action after he has perhaps inadvertently defaulted on his administrative remedies." (See order dated November 8, 2000, at 2.)

## ARGUMENT

Plaintiff concurs in part with Defendant's construction of law as far as evaluating a motion to dismiss a complaint. Though he would add that Plaintiff, being a pro se litigant, unlearned in law, as well as a prisoner, should have his complaint and further filings in this case construed liberally and "not to stringent standards as those submitted by a lawyer." **Cruz v. Beto**, **405 U.S. 319 (1972)**. And, that his complaint "should not be dismissed for failure to state a claim unless it appear[s] **beyond doubt** that the inmate could prove no set of facts in support of his claim which would entitle him to relief," and if so "he [is] entitled to an

---

**1./** It should be noted that the Defendants have stated that they filed a motion to dismiss on January 12, 2001. Plaintiff has not, as of yet, been supplied a copy of that motion. (see Plaintiff's response dated 1/27/01, at #2.) Furthermore, although Defendants have not included a certificate of service with brief in support of motion to dismiss, nonetheless Buckner acknowledges receipt of the brief on January 31, 2001.

opportunity to offer proof." **Haines v. Kerner**, 404 U.S. 519 (1972).

In this case, Plaintiff has stated a claim and is entitled to relief, and continues to suffer from the acts and omissions of the Defendants to this day. Therefore, the Defendant's motion to dismiss should be denied, summary judgement should be entered in favor of Buckner, and an emergency preliminary injunction should issue. **2./**

Defendants have stated that "Buckner willfully, not "inadvertently," bypassed the administration process." (Def. Brief of Mot. to Dismiss, page 8.); That he "INTENTIONALLY FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES...." (**Id**. at page 5).

In support of his position, or opposition, to that claim of Defendants, Plaintiff submits an affidavit to brace his stand in that he did not "willfully" or "INTENTIONALLY" fail to exhaust his administrative remedies. That, in fact, it was the actions or inactions of the Defendants, set forth in this claim, that had such an effect on Plaintiff highly contributing to any actions or omissions by the Plaintiff in the following of his efforts to obtain relief. (See **Exhibit B**, Affidavit of Plaintiff Buckner).

The reasoning for this position taken by Buckner will be more fully outlined in detail hereafter in this reply to Defendant's motion to dismiss.

Defendants, in their motion to dismiss, cite **Nyhuis v. Reno**, 204 F.3d 65, 78 (3rd Cir. 2000); and **Booth v. Churner**, 206 F.3d 289

---

**2./**  Plaintiff Buckner has moved this court for an emergency injunction that would order defendants to administer the medication as it was upon his arrival at Lewisburg. He has also moved for appointment of counsel and appointment of an expert witness in this case.

(3rd Cir. 2000), <u>cert</u>. <u>granted</u>, _____ U.S. _____, 121 S.Ct. 377, (October 30, 2000)(Docket No. 99-1964), in that "no action shall be brought in federal court until such administrative remedies <u>as</u> <u>are</u> <u>available</u> have been exhausted." <u>Id</u>. (emphasis added) <u>3.</u>/

In fact, Circuit Judge Noonan, concurring and dissenting in **Booth**, stated that assaults and batteries by prison officials "are far removed from what that sponsors said was on their minds" when passing the PLRA. (See, <u>Booth</u>, dissent at 302). "Therefore, it concludes, §1997e(a) was not intended to encompass excessive force claims." <u>Id</u>. at 298, foot note 9.

This instant action can be deemed an "assault" on Buckner where Dr. Bussanich, misusing his authority by his denial of the appropriate medical treatment of Plaintiff for severe Meniere's disease, knowingly causing Plaintiff to sustain serious bodily injuries, as well as experiencing debilitating physical as well as psychological effects causing permanent damage to Plaintiff.

The Defendant Romine, Warden, had the authority to intervene by way of Plaintiff's remedy request (BP-9). Yet, he took a less efficacious route by handing the remedy over to medical staff to answer. Thus, hoping it would be safely swept under the rug and, by this action, causing manifest injustice.

---

<u>3.</u>/  There should be no substantive change in the case law of <u>Booth</u> as would effect Plaintiff's case. The only question presented and excepted for review by the Supreme Court is: "Does 42 USC §1997e(a), which, as amended by the [PLRA], provides that prisoner must exhaust "such administrative remedies as are available" before bringing federal action, require seeking only monetary damages to exhaust..[].if..[]..not available under...process?" Since Buckner is also seeking emergency injunctive relief; the very reason for bringing this action to court so as to attempt to seek <u>emergency</u> relief by way of a preliminary injunction to immediately restart <u>his</u> medication regimen.

Even after being made well aware of these adverse effects caused by their actions and omissions, Defendants continue to deny Buckner the medication that would, and has been proven to, alleviate these symptoms and relieve Plaintiff from any further physical, bodily harm.

To reiterate to some extent what was briefly brought forth in Plaintiffs Motion to Reconsider Dismissal is the "availability" of a remedy to Buckner:

In **Nyhuis**, the third circuit "Invok[ed] Webster's definition of the word 'available' as it applies to a remedy" -- "a remedy is 'available' when it can be availed 'for accomplishment of a purpose' or 'is **accessible or may be obtained**'" -- the court held that if prisoner sought a remedy that he **could not obtain** in accessible administrative procedures, pursuant to §1997e(a), he need not avail himself to those futile procedures before bringing an action in federal court." **Nyhuis, supra., at 72,** citing **Whitley v. Hunt, 158 F.3d 882 (5th Cir. 1998), at 887,** (quoting, WEBSTER'S NEW INT'L DICTIONARY 150 (3rd ed. 1981)). (emphasis in bold added).

Buckner explains, in his motion to reconsider dismissal and reopen case, that he attempted to "obtain" remedy forms from the Lewisburg Staff, who have sole control over the issuance of such forms, immediately after receipt of this court's order dismissing without prejudice. He was asked to explain the nature of his request for forms and, after being informed that the period to file such appeal of the Warden's denial, and that he could not start a new informal remedy form ("BP-8") because the issue had already been considered at that level therefore res judicata. Hence, he was denied those forms; thus, remedy was not "available" to him.

Defendants cite holdings of **Muscato v. Federal Bureau of Prisons**, **98 F.3d 757 (3rd Cir. 1996)**. More specifically, "that a prisoner's procedural default of his administrative remedies bars judicial review of [a] **habeas petition** unless he can show cause for the default and prejudice attributable thereto." **Muscato, at 760.** (emphasis added).

In that case, Phillip B. Muscato was an inmate at FPC Allenwood petitioning **for habeas corpus relief** challenging constitutionality of a disciplinary hearing and the subsequent forfeiture of good-time credits. **Id. at 757-59**

However, in the instant case at bar, Buckner was denied his medication that, if not taken, causes him severe pain, vertigo, blindness, nausea, as well as other symptoms which, as a consequence of lack of that medication, causes him to sustain physical bodily injuries, and continue to do so to this day. Buckner's action was brought under, _inter_ _alia_, a **civil action; 42 USC §1983.** **4./**

Other side effects caused by the denial of Plaintiff's proper medication include aggressive anti-social behavior, "flashbacks" (PTSD), anxiety, and other physical, as well as pyschological effects such as the feeling of "betrayal" by the government. (See Response to Informal Resolution, Governments motion to dismiss, **Exhibit 1**, at page 0015). Thus, because of this "impairment" caused by the decrease of medications, Buckner should not be held accountable for such errors or mistakes while in such frame of mind.

---

**4./**   **Plaintiff's initial action was brought under not only "deliberate indifference" standards, but also, as an alternative, an action of medical malpractice, medical negligence, and tort.** (See face of complaint)

The "cause" therefore lies in the actions (or omissions) by staff (Defendants) themselves, of which this complaint is based upon. The denial of medication is the direct cause of Plaintiff's frame of mind and inability to think totally rational during the periods of filings with Bureau of Prisons, and this court.

The "prejudice" would fall on the fact that Plaintiff would have absolutely no remedy, whether through informal, formal remedies, or this court, to cure his denial of medication and, as a result of that, would be subject to continued pain, suffering and bodliy injury which would be tantamount to "assault and battery" by the Defendants. Buckner will experience his pain and suffering day by day until freed from prison, or relieved by action of this court.

Under these circumstances, it certainly could not be held that Plaintiff, with only slight rational thought process intact as a result of lack of medication, could have "intentionally" failed to exhaust his administrative remedies.

It is stated by the Defendants that, "[b]ecause the record is clear that Buckner never attempted to exhaust the **second** and **third** levels of the administrative process, he cannot show cause for default." (See, mot. to dismiss brief, at page 18.)(**emphasis** added)

Although Buckner believes he has demonstrated his "cause" and "prejudice," he nonetheless would advise the court that he indeed did complete the first and second levels in the formal manner. The first level is a "BP-8" which is also known as an "informal remedy." The second level is a "BP-9" which is the appeal to the Warden. The next levels are "BP-10" and "BP-11," the Regional Director of BOP, and the General Counsel, respectively. Although letters were later sent to both by Plaintiff (after the denial of

9.

"BP-10" and "BP-8" to appeal Warden or restart request for remedy, and filing of motion to reconsider dismissal), of which he has received no response to as of yet.

Defendants argue that Plaintiff Buckner "was apprised of the Bureau of Prisons' Administrative Remedy Procedures for Inmates on April 5, 2000 -- within one day of his arrival at USP Lewisburg -- and again on April 26, 2000. (Exh. 1, at 7, 9.) He was therefore **fully aware of the policy.**" (See, Def. mot. to Dismiss, at page 13-14)(**emphasis** added).

They rely on their exhibits #7 and #9 which are orientation "check lists" and are merely initialed by staff to affirm the fact that new arrivals are made aware that an administrative remedy program **"exists,"** among other resources such as law library, recreational programs, etc. There is no in-depth explanation given by staff as to the particulars of such a remedy program. This is likely because staff do not want to create an individual who would file frivolous remedies, time after time, as a "recreation" and use as an avenue to "kill time." Plaintiff understands the wasted time and resources that could be diverted from more important issues because of inmates such as this. (i.e., denial of medication or other medical treatment.) Unfortunately, Bureau of Prisons has no system in place to deter filings of a frivolous nature, such as PLRA.

Again, Plaintiff would ask this Court to review his complaint and subsequent filings under a standard of liberal construction, as ruled in **Cruz v. Beto**, **supra.** and **Haines v. Kerner**, **supra.** and keep in mind the limited research materials of which are made

10.

available to Plaintiff in this prison setting. [5./] That, in and of itself, should persuade this Court to appoint counsel at this junction, [6./] yet, it should not interfere with this Court's decision to issue an emergency, preliminary injunction to enjoin the Defendants not to further deny Plaintiff his medications, as stated herein; to wit, Clonazepam 2 mg. and Meclizine 25 mg. three times a day.

Appointment of counsel would not only be in the interest of the dispensation of fundamental fairness, but would also aid this court in the exploration of this issue of law not previously before this court.

Although the Court was rather clear, in its order reopening the case, that we're "to explore whether a prisoner can maintain a cause of action after he has perhaps **inadvertently** defaulted on his administrative remedies." (Order dated November 8, 2000, at 2.) (**emphasis** added); that this court had already determined the "default" was "inadvertently" made by Buckner. **Id.** Nevertheless, Plaintiff has attempted to reply with a substantive response herein to show "cause," "prejudice," and the fact that his failure to exhaust was not "willful" or "intentional."

Counsel, however, would be of great aid to this court, as well as Buckner, given his limited resources, and question of law at bar.

---

[5./] The "law library" at Federal Prison Camp, Lewisburg (LEC), does not contain a full line of resources such as the Defendants are privy to. The only reporters available are volume 604 F.2d, up to most recent F.3d's. LEC inmates must fill out a request (allowing only 5 cases at a time) and include full name and page of reporter to receive a copy of F.Supp. or U.S. Reporter. Only 1 request can be submitted; you must wait to recieve 1st request before making a subsequent request. It would take literally months and months to fully and properly research in order to adequately answer a comprehensive brief such as that submitted my Defendants.

[6./] Because this case presents a question of law not previously before this court, Defendants filed a comprehensive brief. Plaintiff should have the same opportunity through counsel.

11

## CONCLUSION

WHEREFORE, your Plaintiff, Robert Leon Buckner, moves this honorable Court for the following:

1.)  DENY the Defendants' Motion to Dismiss;

2.)  GRANT Plaintiff's Motion For Preliminary Injunctive Relief, ordering restart of his previous medications;

3.)  GRANT Plaintiff's Motion for appointment of counsel;

4.)  GRANT summary judgement if favor of Plaintiff;

5.)  DENY summary judgement for Defendants;

6.)  DENY Defendants' request "of certification that any appeal would be frivolous, lacking in probable cause, and not taken in good faith." ;

7.)  GRANT a hearing on the merits it this case;

8.)  GRANT any other and further relief of which this Court deems just and proper.


Respectfully submitted,

DATE: February 1, 2001.

Robert Leon Buckner,

Plaintiff, pro se

Federal Prison Camp Lewisburg
P.O. Box 2000 - Unit K01-009L
Lewisburg, Pennsylvania 17837

12.

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT LEON BUCKNER,

      Plaintiff, pro se

      v.

DR. ANTHONY BUSSANICH, et al.,

      Defendants

CIVIL CASE No.:

   **1:CV-00-1594**

   (Caldwell, J.)

IN RE: REPLY TO DEFENDANTS'
      MOTION TO DISMISS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of January, 2001, a copy of the attached Reply to Defendants' Motion To Dismiss was mailed, postage prepaid, to: Mr. Matthew E. Haggerty, Esq., Assistant United States Attorney, 316 Federal Building, 240 West Third Street, Williamsport, Pennsylvania 17703, by placing same in a sealed envelope, addressed to the above, with affixed first-class postage, and placing same in the inmate legal-mail box at FPC-LEC, Lewisburg.

Robert Leon Buckner,

      Plaintiff, pro se

Federal Prison Camp Lewisburg
P.O. Box 2000 - Unit K01-009L
Lewisburg, Pennsylvania 17837

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CIVIL CASE No. 1:CV-00-1594
(Caldwell, J.)

BUCKNER

v.

BUSSANICH, et al.

# A P P E N D I X

TO THE PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS,
ETC.

**14.**

**ROBERT LEON BUCKNER**
**BOP REG. No. 33001-037**
**FEDERAL PRISON CAMP LEWISBURG**
**P.O. BOX 2000  -  UNIT K01-009L**
**LEWISBURG, PENNSYLVANIA 17837-2000**

*Ship To*

September 14, 2000

Dr. Janet O'Mahoney, M.D.
Mercy Hospital Office
St. Paul Street
Baltimore, Maryland 21201

*Smon*
*9-28-0*
*1035?*

**RE:** REQUEST FOR MEDICAL RECORDS

Dear Dr. O'Mahoney;

Would you please be so kind as to mail me a copy of all medical
that you have pertaining to me. My last visit to you was in early
July, 1998, where I was treated for a gunshot wound to the right
thigh and for Meneire's Disease and PTSD.

You also have a copy of Veterans Hospital records and a copy of
my Form DD-214 which I need a copy of.

Your anticipated assistance is deeply appreciated.

With my very best regards, I remain

Sincerely yours

Robert Leon Buckner

IDENTIFYING INFORMATION
Robert Leon Buckner
DOB: 12/20/56
SSN: 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
LAST VISIT: Between 7/4 - 7/11/1998
LAST ADDRESS: 415 South Lehigh St. Balto. Md.

*Patient*

cc: File

*Sorry: Copies from your Previous*
*Request Sent to Dr. Bussanich*
*on 7-29-00.*

*EXH. A*

PATIENT'S NAME: Robert Busbee   SHEET NO.

| DATE DAY | YR. | SUBSEQUENT VISITS AND FINDINGS |
|---|---|---|
| 1/7 | 93 | 7/4/98 grazed by a bullet in the back of the leg |

Meds: Xanax prn   PMH: fx at T12 gets
Klonopin   h/o seizures
Notalgia Pain   h/o CHI
~~Med~~   meniere's Sx.
also reports the   clothing
take Phenergan   vertigo
describes his

Social: 5 in Balt only a few weeks
lives alone in East Baltimore
Texas before that   originally
from Baltimore   No disability
fleeing from DV's   No purple
heart ~~a #0~~ "friendly fire"
Private investigating shot while
spying on a unfaithful husband

ROS: Radicular pain with certain
mvt.
Tetanus 3 years

Px: PP - 4 inches open
~~small~~ superficial ~~tissue~~
on post L thigh ⊂ leg
ecchymosis
Dressed w/ the antibiotic ~~cream~~

A/P - ① ? Meniere's disease
OK to continue Klonopin

② Sept 29 at VAMC at Baltimore ~~Neuro~~
primary care

COMPLETED      RECEIVED MAY 2 8 199

| MEDICAL RECORD | | PROGRESS NOTES |
|---|---|---|

DATE/TIME  CLINIC  ORTHOPEDIC
10-12-97

VITAL SIGNS: T 98.7 P 70 R 29 B/P 140/90 WT 180 HT 5'9"

FINGERSTICK:

ALLERGIES:  IVP DYE

CHIEF COMPLAINT:  SEVERE PAIN.

PRESENCE OF S/O:  PT. COMPLAINS OF SEVERE
PAIN FROM HIS SHRAPNEL WOUNDS IN HIS LEFT UPPER
RIGHT LEG WHICH OCCURED IN VIET NAM. ALSO FROM
FX Vertebra T-12 WHICH CAUSES A PICHED NERVE THAT
CAUSES SEVERE PAIN WHICH RADIATES DOWN THE RIGHT
LEG TO THE FOOT.
12:55 PT HAD DEMEROL 100 mg / 50 mg IV - Say HE
FEELS BETTER.

(Continue on reverse side)

PATIENT'S IDENTIFICATION (For typed or written entries give: Name—last, first, middle;
grade; rank; rate; hospital or medical facility)          REGISTER NO          WARD NO

PROGRESS NOTES
STANDARD FORM 509 (Rev. 11-77)
Prescribed by GSA/ICMR
FPMR (41 CFR) 201-45.505
509-111

ICKNER, HERBERT L
73-27-53 12/20/56

ICKNER, ROBERT L
2-2753 12/20/56

THIS IS AN IMPORTANT RECORD
SAFEGUARD IT.

| ROBERT LEON | 2. SEX M | 3. SOCIAL SECURITY NUMBER 215 52 2733 | DATE OF BIRTH | YEAR 56 | MONTH 12 | DAY 20 |
| GRADE, RATE OR RANK SGT | | PAY GRADE E-5 | DATE OF RANK | 76 | 5 | 21 |

| | LB JNA | 24 NICHOLSON DR PASADENA MD 21122 |

| TYPE OF SEPARATION DISCHARGE | STATION OR INSTALLATION AT WHICH EFFECTED FORT DIX, NEW JERSEY |

| AUTHORITY AND REASON AR 635-200 CHAP 16 SPD JMN | | EFFECTIVE DATE | YEAR 76 | MONTH 5 | DAY 27 |

| CHAR CTER OF SERVICE HONORABLE | TYPE OF CERTIFICATE ISSUED DD FORM 256A | REENLISTMENT CODE RE-2 |

| LAST DUTY ASSIGNMENT AND MAJOR COMMAND SVC BTRY 2 BN 63 ADA DEFAUR | COMMAND TO WHICH TRANSFERRED NA |

| 13. TERMINAL DATE OF RESERVE / MOS OBLIGATION | 14. PLACE OF ENTRY INTO CURRENT ACTIVE SERVICE (City, State and ZIP Code) | | 15. DATE ENTERED ACTIVE DUTY THIS PERIOD |
| YEAR | MONTH | DAY | | | YEAR 74 | MONTH 1 | DAY 1 |
| NA | | | BALTIMORE MD 21224 | | | | |

| 16.A. PRIMARY SPECIALTY NUMBER AND TITLE 63B WHL VEH MECH 74/5/2 | 17. RELATED CIVILIAN OCCUPATION AND D.O.T. NUMBER DIESEL MECH 625 281 | 18. RECORD OF SERVICE | YEARS | MONTHS | DAYS |
| | | (a) NET ACTIVE SERVICE THIS PERIOD | 2 | 5 | 27 |
| | | (b) PRIOR ACTIVE SERVICE | 0 | 0 | 0 |
| 17.A. SECONDARY SPECIALTY NUMBER AND TITLE 11B INF MAN | 19. RELATED CIVILIAN OCCUPATION AND D.O.T. NUMBER NONE | (c) TOTAL ACTIVE SERVICE (a+b) | 2 | 5 | 27 |
| | | (d) PRIOR INACTIVE SERVICE | 0 | 0 | 11 |
| | | (e) TOTAL SERVICE FOR PAY (c+d) | 2 | 6 | 10 |
| | | (f) FOREIGN AND/OR SEA SERVICE THIS PERIOD | | | |

| 19. INDOCHINA OR KOREA SERVICE SINCE AUGUST 5, 1964 YES [X] NO | 20. HIGHEST EDUCATION LEVEL SUCCESSFULLY COMPLETED (in Years) |
| | SECONDARY/HIGH SCHOOL 12 YRS (1-12 Grades) COLLEGE 0 YRS |

| 21. TIME LOST (Preceding Two Years) NONE | 22. DAYS ACCRUED LEAVE PAID 62 DAYS | 23. SERVICEMEN'S GROUP LIFE INSURANCE COVERAGE [ ] $15,000 [ ] $10,000 [X] $20,000 | 24. DISABILITY SEVERANCE PAY [X] NO [ ] YES AMOUNT | 25. PERSONNEL SECURITY INVESTIGATION |
| | | | | TYPE ENTNAC | DATE COMPLETED 74/2/5 |

| 26. DECORATIONS, MEDALS, BADGES, COMMENDATIONS, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED |
EXPERT MM M16                    U.S. VIETNAM SERVICE MEDAL
SHARPSHOOTER M1911               REP VIETNAM CAMPAIGN MEDAL
COMBAT INFANTRY BADGE            AIR MEDAL    (SEE 27)
NATIONAL DEFENSE MEDAL

| 27. REMARKS |
ARMY COMMENDATION MEDAL (W/1 OAK LEAF CLUSTER)
GOOD CONDUCT MEDAL
REP VIETNAM GALLANTRY CROSS UNIT CITATION
PRESIDENTIAL UNIT CITATION
MERITORIOUS UNIT CITATION

INDIVIDUAL REQUESTS / COPY OF THE DD FORM 214
ITEM 18F USAEUR
WHL VEH MECH 63B 8 WEEKS
COMBAT INTEL ANALYS    WEEKS
TRK VEH MECH 63C 4 WEEKS

| 28. MAILING ADDRESS AFTER SEPARATION (Street, RFD, City, County, State and ZIP Code) 418 S NEWKIRK ST BALTIMORE (IND-C) MD | 29. SIGNATURE OF PERSON BEING SEPARATED |

| 30. OFFICIAL NAME, GRADE AND TITLE OF AUTHORIZING OFFICER E R BOLLERS CW3 USA CHIEF ENL BRANCH | 31. SIGNATURE OF OFFICER AUTHORIZED TO SIGN |

**RECEIVED MAY 2 8 199**

COMPLETED

**MEDICAL RECORD**          **CONSULTATION SHEET**

| REQUEST | |
|---|---|
| | HAND DELIVERED |

| TO: ORTHOPEDIC | FROM: *(Requesting physician or activity)* C. Hoskson M.D. | DATE OF REQUEST 11-12-97 |

REASON FOR REQUEST *(Complaints and findings)*

I would request that you Consult and possibly follow-up with Mr. Bucher due to his severe pain Due to shrapnel wounds inflicted during his tour in Viet Nam. I have attempted to relieve his pain with several different analgesics over the past months but PT. does not respond. The last Med I prescribed was Dolophine 10mg Sg 1 po q 6hrs pain and (Con...

PROVISIONAL DIAGNOSIS

Severe pain due to service connected wounds, PTSD, ANXIETY, Panic attacks, SEIZURE DISR meningitis Seiz...

| DOCTOR'S SIGNATURE | APPROVED | PLACE OF CONSULTATION | ROUTINE | TODAY |
|---|---|---|---|---|
| Steven Wagner M.D. | Bill Lowton | ☐ BEDSIDE ☑ ON CALL | ☐ 72 HOURS ☐ EMERGENCY | |

**CONSULTATION REPORT**

(Continued) and dispensed #90 tabs for a month supply. I will continue to follow with his Xanax and Klonopin.

CONSULT REPORT

AFTER REVIEWING THIS PT'S FILE and EXAMINATION, I SEE NO PROBLEM IN FOLLOWING THIS PT. FOR HIS PAIN AS WELL AS HIS PTSD, ANXIETY PANIC ATTACKS, AND SEIZURE DISORDER DUE TO MENINGES SYNDROME. I SHOULD NOTE THAT NORMALLY I WOULD NOT PRESCRIBE SUCH AN QUANTY OF A DRUG SUCH AS DOLOPHINE, AS WELL AS THE OTHERS INDICATED IN THIS CASE. NEVERTHELESS, AFTER MEETING AND SPEAKING WITH MR BUCHER AT LENGTH, HE APPEARS BE AN EXTREMELY LEVEL HEAD INDIVIDUAL WHICH I WOULD CERTAINLY TRUST AND FEEL COMFORTABLE IN FOLLOWING HIS PRESCRIPTIONS FOR DOLOPHINE (AS WELL AS HIS XANAX & KLONOPIN — I SEE NO NEED TO HAVE THIS PT. COMING TO THE CLINIC TWICE A MONTH WHEN I CAN PROVIDE THE CARE NEEDED FOR ALL — ESPECIALLY SINCE THIS IS CHRONIC) OF COURSE, IF THERE IS NO DISAGREEMENT WITH DR HENDERSON.

*(Continued on reverse side)*

| SIGNATURE AND TITLE | DATE |
|---|---|
| Steven G. Wagner M.D. | 11-12-97 |

| IDENTIFICATION NO. | ORGANIZATION 7 | REGISTER NO | WARD NO |
|---|---|---|---|

PATIENT'S IDENTIFICATION *(For typed or written entries give: Name-last,first, middle; grade; rank; rate; hospital or medical facility)*

BUCHER, ROBERT L
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  12/30/56

**CONSULTATION SHEET**
STANDARD FORM 513 (Rev. 9-77)
Prescribed by GSA/ICMR
FIRMR (41 CFR) 201-45.505
513-108

**COMPLETED**

~~partment~~ of Veterans Affairs

CONTINUE ON BACK WHEN NECESSARY

~~CEIVED~~ MAY 2 8 199~~1~~

## MEDICAL CERTIFICATE

| 2. TIME | 3. AGE | 4. SEX | 5. ON ARRIVAL PATIENT WAS | 6. PHONE NUMBER | 7. HOMELES |
|---|---|---|---|---|---|
| 5-12-9? 1137 AM/PM | 41 | ☑ M ☐ F | ☑ AMBULATORY ☐ STRETCHER ☐ WHEELCHAIR | (409) 523-3623 | ☐ YES ☐ |

| 4A. ALLERGIES | 4B. WEIGHT | 4C. TEMPERATURE | 4D. PULSE | 4E. RESPIRATION | 4F. B/P | 4G. DUE TO INJURY |
|---|---|---|---|---|---|---|
| I.V.P. DYE | 180 | 99.7 | 68 | 30 | 140/90 | ☑ NO ☐ YES |

**9. CURRENT MEDICATIONS**

ii Percocet q 4-6, ↑ Xanax 2 mg BID, ↑ Klonopin 2 mg. BID & 2 q

**10. TRIAGE** PT Experiencing severe pain in right upper thigh from shrapnel
wound in Viet Nam and pinched nerve from fx of T-12. Pain
Radiate down (R) leg (Severe chronic Pain)

| | 11. SIGNATURE |
|---|---|
| | Bill Hull RN c 12:1 |

**12. HISTORY AND PHYSICAL** PT first seen in Aug. 1997 after transferring from
Marion, Va. PT complaining of severe pain as noted above.
PT also has history of Kidney stones — 5 episodes since 1980.
although states it always took a week to 10 days to pass but
always passed with no difficulty.
States he has tried a number of analgesics for his pain
(as shown by his records — Percocet, Demerol, Dilaudid 4 mg, Tylox
and a number of others)
Ordered Demerol 100 mg. & 50 mg Phenergan I.V. for pain
ordered 12:55 Bill Hull RN

1:45 pm: Demerol seems to have "dulled the pain" as told by pt.
2:58 Left pt at desk and his pain meds took effect. Seems to be
resting well. Bill Hull RN
3:30 pm: PT complains that pain meds have "worn off" and he is [Co...]

**13. DIAGNOSTIC IMPRESSIONS** Pt. Does not seem to respond to past pain meds

**14. PLAN** ① Prescribe Doloative tabs 10 mg - Disp # 90 take ī po q 6 hr
② Remain on Xanax 2 mg BID, Dis # 90. (Since there are no complaints about
his anxiety meds - They seem to work)
③ Remain on Klonopin 2 mg ī p.o. BID & ii QS x sleep prn (since no
complaints about seizure meds) Dis # 90

| 15A. ATTENDING OF RECORD | 15B. EXAMINER'S SIGNATURE |
|---|---|
| A. Anderson MD. | A. Anderson MD. |

**SECTION II - FOR PATIENT**

| 1. DISPOSITION / CLINIC APPOINTMENT | 2. AFTER CARE SHEET GIVEN | 3. FOLLOWUP - ACTIVITY - LIMITATIONS |
|---|---|---|
| | ☐ YES ☑ NO | Complete - Bed Rest until next apt |

| 4. CONDITION | 5. DATE / TIME OF DISCHARGE | 6. SIGNATURE TO INDICATE INSTRUCTIONS GIVEN |
|---|---|---|
| ☐ IMPROVED ☑ SATISFACTORY ☐ UNCHANGED | | |

IMPRINT PATIENT DATA CARD

**7. PATIENT INSTRUCTIONS**

BUCKNER, ROBERT L

BUCKNER, ROBERT L

| I CERTIFY THAT I RECEIVED AND UNDERSTAND THESE INSTRUCTIONS | 8. PATIENT'S SIGNATURE |
|---|---|

VA FORM
MAR 1992 **10-10M**

SUPERSEDES VA FORM 10-10M, MAY 198
WHICH WILL NOT BE USED.

RECEIVED MAY 2 8 19

COMPLETED

| TIME | VITAL SIGNS | | | | TIME | ORDERS | MD SIGNATURE | TIME | NURSES SIGNATURE | EFFECTIVENESS |
|------|------|-------|------|-----|------|--------|-----|------|------|------|
| | TEMP | PULSE | RESP | B/P | | | | | | |
| 1:00 PM | 98.7 | 60 | 25 | 120/80 | | | H. | | B.L. RN | |
| 2:00 | 98.8 | 62 | 27 | 138/88 | | | | | B.L. RN | |
| 3:00 | 98.9 | 67 | 29 | 142/90 | | | | | | |

CONTINUATION FROM FRONT / PROGRESS NOTE    iN SEVERE PAIN AGAIN. ORDERED BACK-UP

OF Demerol 75 mg. w/25 mg. phenergan IM. PT STATES PAIN WAS

RELIEVED immediately. WAS THANKFUL. PAIN Seems to be improving.

I will discharge PT with prescriptions AND Follow-up appointment.

℞ ① Dolophine 10 mg. - Disp #90  Sig: ī po q 6 hrs prn

℞ ② XANAX 2 mg.  Disp #90 - Sig: T or ī ½ BID

℞ ③ KLONOPIN 2 mg. - Disp #90 - Sig: T po. + īī qd × 5 day

Discharge w/ instructions to have complete Bed Rest until his

next appt. Wed. Nov. 12, 1997, 3:00 pm

| STUDIES REQUESTED | RESULTS |
|-------------------|---------|
| | Return appt. on    Wed. Nov. 12, 1997   3 Pm. |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | PLAINTIFF'S AFFIDAVIT |
| | : | IN SUPPORT OF OPPOSITION |
| **BUCKNER** | : | TO DEFENDANT'S MOTION TO |
| **v.** | : | DISMISS COMPLAINT, |
| | : | OR, IN THE ALTERNATIVE, |
| **BUSSANICH, et al.** | : | PLAINTIFF'S MOTION FOR |
| | | SUMMARY JUDGEMENT |
| **Civil Case No. 1:CV-00-1594** | : | |
| **(Caldwell, J.)** | : | |

:   :   :   :   :   :   oOo   :   :   :   :   :   :

## AFFIDAVIT OF PLAINTIFF

I, Robert Leon Buckner, being in sound mind and body, and having personal knowledge to the facts set forth below, state that the following facts are a true and correct account.

After arriving at FPC Lewisburg on April 4, 2000, I informed Dr. Bussanich, as well as other Nurses and Physician's Assistants, that I was on a regimen of medication which among other medications included Clonazepam 2 mg. taken three times daily for a severe case of 8th cranial nerve damage and Meniere's disease; that I have been on this regimen for over twenty years.

My medications followed me from the Maryland Penitetiary on 4/4/2000. Dr. Bussanich allowed the dispensing of this Clonazepam and, when the Maryland Pen prescription ran out, he refilled the order numerous times. At a point in time after my arrival at FPC Lewisburg, Dr. Bussanich informed me that he was going to wean me off of the Clonazepam. Despite my objections, and even after he received a number of medical documents from the outside that was reflective of my need for this medication, he nevertheless continued the tapering of my Clonazepam.

I then filed an administrative remedy ("BP-8") in an attempt to stop this reduction of meds. My BP-8 was denied and I appealed this to the Warden ("BP-9") and it was denied. At that point, the repercussions of the denial of this drug had such a side effect that I filed the instant action in an effort to obtain an emergency injunction. I never intentionally failed to exhaust remedies.

UNDER THE PENALTIES OF PERJURY, I HEREBY DECLARE THAT THE ABOVE IS TRUE AND CORRECT.

DATE: February 1, 2001.

_____
Robert Leon Buckner

EXH B

**ROBERT LEON BUCKNER**
**BOP REG. No. 33001-037**
**FEDERAL PRISON CAMP LEWISBURG**
**P.O. BOX 2000 - UNIT K01-009L**
**LEWISBURG, PENNSYLVANIA**
**17837 - 2000**

February 1, 2001

Office of The Clerk
United States District Court
Middle District of Pennsylvania
United States Courthouse
228 Walnut Street
P.O. Box 983
Harrisburg, Pennsylvania 17108

                    RE: Buckner v. Bussanich, et al.
                        Case No. 1:CV-00-1594 (Caldwell, J.)

Dear Honorable Clerk:

    Enclosed, please find a copy of the Plaintiff's Reply Brief Opposing Defendant's Motion To Dismiss for filing in this case.

    A copy has also been mailed to Mr. Matthew Haggerty, Assistant United States Attorney, representing the Defendants.

    In addition, please note that there is a pending Motion for Appointment of Counsel which was filed with my recent concurrence to Defendants' Motion to Exceed Brief Limit of Fifteen Pages.

    With my very best regards, I remain

                    Respectfully yours,

                    Robert Leon Buckner

cc: Matthew Haggerty (w/enclosure)
    file