JUDGES COPY

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT LEON BUCKNER,

      Plaintiff, pro se  *

    V.            *

                  *   Civil No. 1:CV-00-1594

DR. ANTHONY BUSSANICH, M.D.,   (Caldwell, J.)  **FILED**
and DONALD ROMINE, Warden, USP, *          HARRISBURG, PA

      Defendants    *

                        JAN 3 1 2001

\*   \*   \*   \*   \*   \* oOo \*   \*   \*   \*   \*   MARY E. D'ANDREA, CLERK
            Per_____
## MOTION FOR APPOINTMENT OF COUNSEL      Deputy Clerk

      COMES NOW, Robert Leon Buckner, Plaintiff, proceeding pro se
in this action, hereby moves this Honorable Court to appoint counsel
to represent his interests in this case, and in support thereof
states the following:

      1. On November 8, 2000, this Court granted Plaintiff's Motion
to Reconsider and reopened this case **"to explore whether a prisoner
can maintain a cause of action after he has perhaps inadvertently
defaulted on his remedies."**

      2. "[T]his case presents a question of law not previously
before this this Court" of which "the **Defendants have prepared a
comprehensive brief**" in which they "are unable to thoroughly brief...
.....in less than fifteen pages."(see Defendants' brief in support
of Motion to Brief in Excess, at page 2. ¶5.)(emphasis added).

      3. That Plaintiff is not an attorney and, as a pro se litigant
and prisoner, is not privy to the extensive reasearch material
needed to argue a question of law such as that available to counsel
for Defendants.

      4. That fundamental fairness calls for the Court to make available
the resources at least equal to that of Defendants, to Plaintiff
where a violation of his Constitutional Rights is at issue. (i.e.,
appointment of counsel).

      5. Inasmuch as Defendants recognize that they will have a
problem comprehensively briefing these issues thoroughly, even with
the resources available to them, then this Court should recognize
that there will certainly be more of a problem with Plaintiff insofar

as briefing, researching and submitting his case with the very limited resources available to him in prison.

WHEREFORE, Plaintiff prays this Honorable Court appoint counsel to represent him in this case or, in the alternative, make available to Plaintiff, this Court's law library or other appropriate relief the Court deems just, proper and appropriate in order to meet fundamental fairness. **2./**

Respectfully submitted,

DATE: January 27, 2001.

Robert Leon Buckner,
Plaintiff, pro se
BOP REG. No. 33001-037
Federal Prison Camp Lewisburg
P.O. Box 2000 - Unit K01-009L
Lewisburg, Pennsylvania 17837

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of January, 2001, a copy of the foregoing Motion For Appointment of Counsel was mailed, first class postage prepaid, to Mr. Matthew Haggerty, Esq., 240 West Third Street, Williamsport, PA. 17703.

Robert Leon Buckner

---

**2./** Your Plaintiff is a prisoner at the Federal Prison Camp in Lewisburg and has community custody which would allow him to be furloughed without escort, in the event the Court deems use of an outside law library appropriate to meet his needs, although appointment of counsel would be the logical avenue in this case.