FILED
WILLIAMSPORT, PA

FEB 2 0 2001

MARY E. D'ANDREA, CLERK
Per_____
     DEPUTY CLERK

DMB:MEH:mel:2000V00901

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT LEON BUCKNER,      :
         Plaintiff        :
                          :
    v.                    :   Civil No. 1:CV-00-1594
                          :   (Caldwell, J.)
DR. ANTHONY BUSSANICH, M.D., :
and DONALD ROMINE, Warden, USP, :
         Defendants       :

### REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

#### I. Procedural History

Buckner initiated this <u>Bivens</u> cause of action on September 8, 2000, against Warden Romine and Dr. Bussanich alleging they refused to provide him proper treatment for his Meniere's disease. Buckner's complaint was originally dismissed on September 28, 2000, without prejudice, for failure to exhaust administrative remedies. However, upon consideration of a motion by Buckner, the case was reopened on November 8, 2000, and service of process was ordered "to explore whether a prisoner can maintain a cause of action after he has perhaps *inadvertently* defaulted on his administrative remedies." (Order dated November 8, 2000, at 2.)(Emphasis added.)

A motion to dismiss and supporting brief have been filed on behalf of the Defendants. Buckner has opposed the motion and this brief is submitted in reply thereto.

## II. Question Presented

Should the complaint be dismissed for Buckner's failure to exhaust the Bureau of Prisons' Administrative Remedy Procedure for Inmates?

Suggested answer in the affirmative.

## III. Argument

Defendants have filed a fully briefed dispositive motion demonstrating that, although Buckner was apprised of the Bureau of Prisons' Administrative Remedy Procedure for Inmates on two separate occasions within one month of his arrival at USP Lewisburg, he elected to bypass the final two levels of the administrative process and proceed directly to federal Court. In fact, his complaint was filed within **four** days of the Warden denying his initial request for administrative remedy. (See Defts' Exh. 1.) The Defendants believe Buckner's failure to exhaust his administrative remedies was intentional, not "inadvertant."

Buckner does not deny the fact that he failed to exhaust his administrative remedies with the Regional and Central Offices. However, he disputes Defendants' argument that his decision to bypass the administrative process was "intentional" and places

2

the blame for the error of his ways on Defendants. Specifically, he states "[t]he denial of medication is the direct cause of Plaintiff's frame of mind and inability to think totally rational during the periods of filings with Bureau of Prisons, and this court." (Reply Brief of Plaintiff Opposing Defendant's Motion to Dismiss at 9.) Because of his alleged "impaired state," Buckner believes he "should not be held accountable for such errors or mistakes while in such frame of mind." (Id.) It is interesting to note, however, that for someone "with only slight rational thought process intact as a result of lack of medication," he was able to submit a coherent thirteen-page brief complete with cover, table of contents, table of authorities, and index which not only opposes dismissal of this action but also requests summary judgment on the merits, the issuance of a preliminary injunction, appointment of counsel, and a hearing.[1]

Additionally, Buckner's "impaired state" of mind did not seem to effect his ability to attempt to complete the exhaustion process immediately upon receipt of the Court's September 28, 2000, Order which originally dismissed the case. At that time, Buckner claims he attempted to appeal the Warden's denial. When

---

[1] In light of the fact that this action was only reopened in order to answer the question of whether Buckner can maintain his cause of action after "perhaps inadvertently default[ing] on his administrative remedies" (Order dated November 8, 2000, at 2), Defendants will not be addressing the merits of this action unless directed to do so by the Court.

3

he was informed that the time had expired for an appeal, Buckner was able to rationally decide that he should attempt to begin the administrative process over with another informal request form. Because staff allegedly refused to provide the forms to him, Buckner also opposes dismissal of this action for lack of exhaustion because staff are not making the administrative remedy process "available" to him. However, nowhere is it alleged that the forms were denied to Buckner while the time for submitting an appeal was still running. It is as a result of Buckner's own actions that the administrative remedy process may no longer be available to him.

Finally, in a last-ditch effort to avoid dismissal, Buckner relies on a statement made in a concurring and dissenting opinion in Booth v. Churner, 206 F.3d 289 (3d Cir.), cert. granted, __ U.S. __, 121 S. Ct. 377 (Oct. 30, 2000)(No. 99-1964) that "§ 1997e(a) was not intended to encompass excessive force claims" and now states that his allegations against Defendants "can be deemed an 'assault'." While the Defendants disagree with this characterization, nonetheless, despite this comment by Judge Noonan, the binding opinion of the Booth Court is that § 1997e(a) **does** apply to excessive force actions. 206 F.3d at 291.

Based on the facts of the present case, it is clear that Buckner's refusal to exhaust his administrative remedies was not "inadvertant" but intentional. In fact, Buckner admits to

4

intentionally filing this action after the Warden denied his administration remedy because, "[a]t that point, the symptoms suffered by Plaintiff were to a point that he took action in an effort to obtain an emergency preliminary injunction which would order the Defendants to continue the Clonazepam and Meclizine combination." (Id. at 3.)

The Court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff in ruling on the motion to dismiss. Pennsylvania House. Inc. v. Barrett. 760 F. Supp. 439, 449 (M.D. Pa. 1991). However, "conclusory allegations of law, unsupported conclusions and unwarranted inferences need not be accepted as true." Id. at 449-50. A case may be dismissed for failure to state a claim upon a showing that when all facts alleged by the plaintiff are interpreted in his favor, the plaintiff has failed to state facts which would entitle him to relief. Conley v. Gibson, 355 U.S. 41 (1957); ALA, Inc. v. CCAIR, Inc, 29 F.3d 855, 859 (3d Cir. 1994). In the present case, even if the Court takes every fact as pleaded, the governing law as recently stated by the Third Circuit, still does not permit this action. Thus, for the reasons stated above and in Defendants' principle brief, the motion to dismiss should be granted.

5

## IV. Conclusion

Wherefore, Defendants' motion to dismiss should be granted with a certification that any appeal would be deemed frivolous, lacking in probable cause, and not taken in good faith.

    Respectfully submitted,

    DAVID M. BARASCH
    United States Attorney

    MATTHEW E. HAGGERTY
    Assistant U.S. Attorney
    MICHELE E. LINCALIS
    Paralegal Specialist
    316 Federal Building
    240 West Third Street
    Williamsport, PA  17703

Dated: February 20, 2001

```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF PENNSYLVANIA
```

ROBERT LEON BUCKNER,               :
     Plaintiff              :
                            :
     v.                     :   Civil No. 1:CV-00-1594
                            :   (Caldwell, J.)
DR. ANTHONY BUSSANICH, M.D.,       :
and DONALD ROMINE, Warden, USP,    :
     Defendants             :

### CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on February 12, 2001, she served a copy of the attached

```
        REPLY BRIEF IN SUPPORT OF DEFENDANTS'
                  MOTION TO DISMISS
```

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

Robert Leon Buckner
Reg. No. 33001-037
LEC Unit K01-009L
P.O. Box 2000
Lewisburg, PA 17837

*Michele E Lincalis*
MICHELE E. LINCALIS
Paralegal Specialist