*see at*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT LEON BUCKNER,
      Plaintiff           :

                       :

      vs.           :  CIVIL ACTION NO. 1:CV-00-1594

DR. ANTHONY BUSSANICH,     :
DONALD ROMINE, Warden
      Defendants     :

**FILED**
**HARRISBURG, PA**

MAR 1 5 2001

MARY E. D'ANDREA, CLERK
PER _____
              DEPUTY CLERK

O R D E R

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

      The Defendants have filed a motion to dismiss under Fed.
R. Civ. P. 12(b)(1) which relies on matters outside the
Plaintiff's complaint.  The Defendants recognize that such
evidentiary material is normally considered on a motion for
summary judgment but seek to justify their procedural decision by
arguing that their motion attacks our subject-matter jurisdiction
to entertain the action.  (Supporting brief at p.1 n.2).

      The difficulty with the Defendants' position is that, as
they themselves recognize on page 10 of their supporting brief,
their motion, based on the Plaintiff's failure to exhaust
administrative remedies as required by 42 U.S.C. § 1997e, does not
touch on our subject-matter jurisdiction to adjudicate the
Plaintiff's lawsuit.  See Nyhuis v. Reno, 204 F.3d 65, 69 (3d Cir.
2000).

The motion must therefore be converted into a motion for summary judgment, and the Plaintiff must be given notice of that conversion so that he can supply any additional evidence, if he desires, in opposition to the motion. <u>See</u> <u>Hancock Industries v. Schaeffer</u>, 811 F.2d 225 (3d Cir. 1987).

We note that the Defendants could have at the outset styled this motion correctly as one for summary judgment. Under Fed. R. Civ. P. 56(b), defendants are authorized to file summary-judgment motions "at any time." <u>See also</u> <u>Hubicki v. ACF Industries, Inc.</u>, 484 F.2d 519, 522 (3d Cir. 1973). Unfortunately, their misstyling of the motion requires us to enter this order.

AND NOW, this 15th day of March, 2001, it is ordered that:

> 1.  The Defendants' motion to dismiss (doc. 11) is converted into a motion for summary judgment.

> 2.  The plaintiff shall have fourteen days from the date of this order to supply any evidentiary material, not already submitted, relevant to the motion.

William W. Caldwell
United States District Judge

2

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

March 15, 2001

Re:  1:00-cv-01594    Buckner v. Bussanich

True and correct copies of the attached were mailed by the clerk
to the following:

    Robert Leon Buckner
    USP-LEW2
    Federal Prison Camp
    33001-037
    P.O. Box 2000, Unit 1
    Lewisburg, PA  17837-2000

    Matthew E. Haggerty, Esq.
    U.S. Attorney's Office
    228 Walnut Street
    P.O. Box 11754
    Harrisburg, PA  17108

cc:
Judge                    ( )          ( ) Pro Se Law Clerk
Magistrate Judge         ( )          ( ) INS
U.S. Marshal             ( )          ( ) Jury Clerk
Probation                ( )
U.S. Attorney            ( )
Atty. for Deft.          ( )
Defendant                ( )
Warden                   ( )
Bureau of Prisons        ( )
Ct Reporter              ( )
Ctroom Deputy            ( )
Orig-Security            ( )
Federal Public Defender  ( )
Summons Issued           ( ) with N/C attached to complt. and served by:
                             U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5      ( )
Order to Show Cause      ( ) with Petition attached & mailed certified mail
                             to: US Atty Gen ( )   PA Atty Gen ( )
                                 DA of County ( )   Respondents ( )
Bankruptcy Court         ( )
Other_____   ( )

                                   MARY E. D'ANDREA, Clerk

DATE: ___3/15/01___     BY: _____
                            /Deputy Clerk