See Attachment

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT LEON BUCKNER,<br>Plaintiff | : <br> : <br> : |
| vs. | : CIVIL ACTION NO. 1:CV-00-1594 |
| DR. ANTHONY BUSSANICH,<br>DONALD ROMINE, Warden<br>Defendants | : <br> : |

**FILED**
**HARRISBURG, PA**

M E M O R A N D U M

APR - 3 2001

MARY E. D'ANDREA, CLERK
PER _____ DEPUTY CLERK

I.   Introduction.

The pro se plaintiff, Robert Leon Buckner, an inmate at FPC-Lewisburg, Pennsylvania, filed this civil rights action seeking damages and injunctive relief for the Defendants' alleged refusal to prescribe a certain drug he deems necessary for the effective treatment of his Meniere's disease. The defendants are Dr. Anthony Bussanich, the doctor allegedly responsible for his care, and Donald Romine, the warden at USP-Lewisburg. The Plaintiff makes an Eighth Amendment claim and one under state law for negligence.

We are considering the Defendants' motion for summary judgment, converted from a motion to dismiss under Fed. R. Civ. P. 12(b), for failure to exhaust administrative remedies.

The Plaintiff did partially pursue administrative remedies and the main question presented is whether we should allow this action to proceed when an attempt to complete the

Certified from the record
Date 4/3/01
Mary E. D'Andrea, Clerk
Per _____

AO 72A
(Rev.8/82)

process would be barred as untimely.  We conclude that the Plaintiff's failure to exhaust administrative remedies bars this action.

II.   Background.

Plaintiff avers the following.  He has Meniere's disease.  After a long course of trial and error, the disease was successfully treated by a combination of meclizine at 25 milligrams and clonazepam at 2 milligrams, administered three times a day.  Before then, the Plaintiff suffered from debilitating symptoms that included severe headaches, vertigo, tinnitus and nausea.  With the individualized treatment, however, he was virtually free of all symptoms and led a happy and constructive life.

Unfortunately, when the Plaintiff arrived at FPC-Lewisburg, Dr. Bussanich decided to reduce the dosage of clonazepam.  The Defendant did this gradually, but the Plaintiff began to suffer the symptoms of his disease.  On one occasion, when the Plaintiff became dizzy, he fell and injured his face.  Nonetheless, Dr. Bussanich has persisted in his course of treatment.

The Plaintiff has partially pursued administrative remedies.  According to attachments to the complaint, he sought an informal resolution with the medical staff and was rejected.  He then appealed to the warden.  On August 24, 2000, the warden

2

denied relief, stating that "treatment of Meniere's disease with a combination of clonazepam and meclizine is not supported by current medical literature." The warden also stated that medical guidelines of the Bureau of Prisons call for prisoners suffering from Meniere's disease to be "tapered from" clonazepam "with substitution of a non-benzodiazepine if clinically indicated." The warden advised the plaintiff that he could appeal the denial to the Regional Director of the Bureau of Prisons. (Complaint, last page of attachment).

Instead, on September 8, 2000, the Plaintiff filed this lawsuit, charging negligence and deliberate indifference to a serious medical need. Characterizing his situation as an emergency one, he sought relief by way of an injunction directing that his original treatment be restored. He also sought damages from Dr. Bussanich and the warden.

The Bureau of Prisons has established a multi-tiered system by which a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19 (1999). First, "an inmate shall . . . present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." Id. § 542.13(a). Second, if an inmate at an institution is unable to informally resolve his complaint, he may file "a formal written Administrative Remedy Request, on the appropriate form (BP-9), [within] 20 calendar days following the date on which

3

the basis for the Request occurred." <u>Id</u>. § 542.14(a). The warden has twenty days in which to respond. <u>Id</u>. § 542.18.

If an inmate is not satisfied with the warden's response, he may appeal (on the appropriate form) to the regional director within twenty calendar days from the date of the warden's response. <u>Id</u>. § 542.15. Finally, if the inmate is dissatisfied with the regional director's response, he may then appeal to the general counsel within thirty calendar days from the date of the regional director's response. <u>Id</u>. The regional director has thirty days, and the general counsel forty days, to respond. <u>Id</u>. § 542.18.

By memorandum and order, dated September 28, 2000, we dismissed the action without prejudice pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies. On October 12, 2000, the Plaintiff filed a timely motion to alter or amend, styled as a motion for reconsideration, seeking to reopen the case. In support, he contended that after he received our dismissal order, he attempted to exhaust administrative remedies. However, prison personnel refused to give him the necessary forms to do so. They refused to give him the form to pursue an appeal from the warden to the regional director on the ground that the appeal would be untimely. They refused to give him a form for making an informal request so that he could start the process over again because he had already pursued administrative remedies on his claim.

4

AO 72A
(Rev.8/82)

By order dated November 8, 2000, we reopened the case "to explore whether a prisoner can maintain a cause of action after he has perhaps inadvertently defaulted on his administrative remedies." The Defendants then filed their motion to dismiss, arguing that the case was properly dismissed under 42 U.S.C. § 1997e(a). On March 15, 2001, we converted the motion to one for summary judgment.

III. Discussion.

As we noted in our September 28 memorandum, 42 U.S.C. § 1997e(a) requires exhaustion of "available" administrative remedies before suit can be filed under federal law "with respect to prison conditions." Under Booth v. Churner, 206 F.3d 289 (3d Cir. 2000), cert. granted, 121 S.Ct. 377 (U.S. Oct. 30, 2000) (No. 99-1964), we decided that a claim about medical treatment is one about prison conditions. Hence, the lawsuit had to be dismissed because the Plaintiff had not exhausted administrative remedies; although he had sought relief from the warden, he had not appealed to the regional director or to the general counsel.

In moving to dismiss, the Defendants argue, with supporting evidentiary material, that the action should be dismissed under section 1997e(a) because the Plaintiff knew about his administrative remedies but decided to file this lawsuit instead. Thus, we need not be concerned about any inadvertent failure to exhaust as the Plaintiff knew what he was doing.

5

In opposition, the Plaintiff argues, in material part, that he did not intentionally bypass administrative remedies because his failure to exhaust them was caused by the Defendants' refusal to medicate him properly, thereby impairing his ability to think rationally. He also argues that the remedies are no longer "available" to him, to quote language from section 1997e, because the prison refuses to allow him to pursue an appeal or to reprocess his grievance. He does not deny that he knew about the administrative-remedy process.

We reject the Plaintiff's position. As the Defendants point out, their medical treatment of the Plaintiff could not have affected his mental health because he has shown by the filings he has made in these proceedings that he is competent. Further, an administrative remedy is not made unavailable simply because a prisoner failed to timely exercise his rights under the procedure. Otherwise, the prisoner could avoid the exhaustion requirement simply by refusing to pursue administrative remedies. See Boyd v. Department of Corrections, 2000 WL 1073324, at *2 (E.D. Pa.).

We therefore conclude that section 1997e(a) requires that the federal claim be dismissed for the failure to exhaust administrative remedies. See Ahmed v. Sromovski, 103 F. Supp. 2d 838 (E.D. Pa. 2000) (the failure to complete the administrative-remedy process when an administrative appeal was filed untimely

6

required dismissal of the lawsuit under section 1997e).[1] We do not do so without prejudice because it is apparent in this case that the action is now barred for failure to exhaust. We decline to exercise jurisdiction over the state-law claim, and it will also be dismissed, but without prejudice.

We will issue an appropriate order.

                                    /s/ William W. Caldwell
                                    William W. Caldwell
                                    United States District Judge

Date: April 3, 2001

---

[1] Based on our ruling, we see no need to examine the Defendants' argument, borrowing the cause-and-prejudice standard from habeas cases, that the Plaintiff, having failed to exhaust, should not be excused from the exhaustion requirement.

7

AO 72A
(Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT LEON BUCKNER,
:
    Plaintiff
:
    v.
: CIVIL NO. 1:CV-00-1594
:
DR. ANTHONY BUSSANICH, M.D., : (Judge Caldwell)
DONALD ROMINE,
:
    Defendants
:

ORDER

AND NOW, this 3rd day of April, 2001, it is ordered that:

    1. The Defendants' motion for summary judgment (doc. 11), converted from a motion to dismiss under Fed. R. Civ. P. 12(b), is granted and the federal claim is dismissed pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies.

    2. The state-law claim is dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

    3. The Plaintiff's motion for a preliminary injunction or a restraining order (doc. 10), motion for appointment of counsel (doc. 19) and motion (filed as part of doc. 18) for summary judgment, for issuance of an emergency preliminary injunction, for appointment of counsel and for an expert medical witness are denied.

    4. The Clerk of Court shall close this file.

/s/ William W. Caldwell
WILLIAM W. CALDWELL
United States District Judge

AO 72A
(Rev.8/82)

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

\* \* MAILING CERTIFICATE OF CLERK \* \*

April 3, 2001

Re:  1:00-cv-01594    Buckner v. Bussanich

True and correct copies of the attached were mailed by the clerk to the following:

```
Robert Leon Buckner
USP-LEW2
Federal Prison Camp
33001-037
P.O. Box 2000, Unit 1
Lewisburg, PA  17837-2000

Matthew E. Haggerty, Esq.
U.S. Attorney's Office
228 Walnut Street
P.O. Box 11754
Harrisburg, PA  17108
```

```
cc:
Judge                          (✓)              ( ) Pro Se Law Clerk
Magistrate Judge               ( )              ( ) INS
U.S. Marshal                   ( )              ( ) Jury Clerk
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  ( )
Orig-Security                  (✓)
Federal Public Defender        ( )
Summons Issued                 ( ) with N/C attached to complt. and served by:
                                   U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5            ( )
Order to Show Cause            ( ) with Petition attached & mailed certified mail
                                   to: US Atty Gen   ( )    PA Atty Gen ( )
                                       DA of County  ( )    Respondents ( )
Bankruptcy Court               ( )
Other_____ ( )
```

MARY E. D'ANDREA, Clerk

DATE: 4/3/01                                  BY: ____(signature)____
                                                   Deputy Clerk