**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT LEON BUCKNER,

    Plaintiff, pro se

v.

DR. ANTHONY BUSSANICH, M.D.
DONALD ROMINE, Warden

    Defendants

CIVIL ACTION No.: 1:CV-00-1594
(Caldwell, J.)

FILED
HARRISBURG, PA

APR 12 2001

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

### MOTION TO ALTER AND/OR AMEND ORDER DISMISSING CIVIL ACTION AND//OR IN THE ALTERNATIVE, MOTION TO AMEND PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

COMES NOW, Robert Leon Buckner, pro se, and hereby moves this Honorable Court to Reconsider, Alter or Amend the order dated April 3, 2001, and/or, in the alternative, to Amend Plaintiff's response to the Defendant's Motion for Summary Judgement, and in support thereof, states, and therefore avers the following:

1.) That Plaintiff is proceeding **pro se** in this case and has requested this Court to construe his pleadings in a less stringent standard as those applied to attorneys. Haines v. Kerner, 404 U.S. 519, 30 L Ed. 2d 652, 92 S Ct. 594; Cruz v. Beto, 405 U.S. 319, 31 L Ed. 2d 263, 92 S Ct. 1079.

2.) Plaintiff has moved the Court on a number of occasions for appointment of counsel.

3.) That Plaintiff was not aware of the standards of certain portions of the PLRA wherein a prisoner MUST exhaust available administrative remedies until the memorandum and order of this court dated September 28, 2000.

4.) That, despite the Defendants' assertion that Plaintiff had been advised of the administrative procedure, he nor any other prisoner have been informed of the exhaustion requirement of which

the administrative remedy procedure must meet before filing of an action can be entertained in the Court.

5.) That a dismissal at this point would be tantamount to a furtherance of the Defendants' actions and deliberate indifference to Plaintiffs' serious medical needs.

6.) Although Defendants state that they inform prisoners of the "availability" of the administrative procedure, they come nowhere close to advising them as to the exhaustion "requirement" before seeking relief from the courts.

7.) That Defendants make blank forms for civil actions under §1983 readily and openly available for inmates at the law library with no request to staff needed.

8.) Defendants, on the other hand, strictly control the forms needed to file administrative remedies.

9.) By controlling the issuance of the remedy "forms" to those prisoners seeking to make a complaint about prison conditions, the Defendants have "insured" themselves against court actions where once they are aware of a prisoners intent to complain or seek relief from abuses, they can intimidate and retaliate against Plaintiff and other prisoners. This "practice" which is well known throughout the Bureau of Prisons has served to deter prisoners from asking for forms (remedy forms) because the staff want to know what the issue is prior to making a form "available" to the prisoner.

10.) Dismissal of this action would leave the Plaintiff with no place to turn for any seriously needed medical attention and intervention to treat a very serious medical need which has already caused him to be rushed to the Evangelical Medical Center emergency room twice in the last month.

11.) That this Court has the power and jurisdiction to force the Defendants to insure all prisoners are made well aware of the exhaustion of remedies prior to seeking court action.

12.) That this Court should explore the need of such awareness to prisoners, during admission and orientation, insofar as the importance of the exhaustion requirement. Although this instant case has already shown the importance of such requirement, his health should not be jeopardized by waiting for another court to rule on such an issue when this would be a prime example to show the importance of a prisoner being informed of the exhaustion requirement.

THEREFORE, your Plaintiff respectfully moves this Court to reverse the order dismissing this action; appoint counsel to represent Plaintiff in this case; grant the preliminary injunction; and hold that a prisoner SHALL be informed of the exhaustion of remedies requirement during admission and orientation upon his arrival to a BOP institution.

Respectfully submitted,

DATE: April 8, 2001.

Robert Leon Buckner
Plaintiff, pro se
BOP REG. No. 33001-037
Federal Prison Camp Lewisburg
P.O. Box 2000 - Unit K01-009L
Lewisburg, Pennsylvania 17837

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this motion was mailed, first class postage prepaid, on this 8th day of Arpil, 2001, to:

Mr. Matthew E. Haggerty, Esq., AUSA
316 Federal Building
240 West Third Street
Williamsport, PA 17703

Robert Leon Buckner