DMB:MEH:mel:2000V00901

FILED
WILLIAMSPORT, PA

APR 2 7 2001

MARY E. D'ANDREA, CLERK
Per _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT LEON BUCKNER,
    Plaintiff

v.  :  Civil No. 1:CV-00-1594
    (Caldwell, J.)

DR. ANTHONY BUSSANICH, M.D.,
and DONALD ROMINE, Warden, USP,
    Defendants

### BRIEF IN OPPOSITION TO PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT

#### I. Procedural History

Buckner is an inmate at USP Lewisburg. On September 8, 2000, he commenced this Bivens cause of action against Lewisburg officials alleging they refused to provide him proper treatment for his Meniere's disease. Buckner's complaint was originally dismissed on September 28, 2000, without prejudice, for failure to exhaust administrative remedies. However, upon reconsideration, the case was reopened on November 8, 2000, and service of process was ordered "to explore whether a prisoner can maintain a cause of action after he has perhaps inadvertently defaulted on his administrative remedies." (Order dated November 8, 2000, at 2.) By Order dated April 3, 2001, the Court granted summary judgment in favor of defendants for Buckner's failure to exhaust his administrative remedies.

Presently before the Court is Buckner's "Motion to Alter And/Or Amend Order Dismissing Civil Action And/Or In the Alternative, Motion to Amend Plaintiff's Response to Defendant's Motion for Summary Judgement" filed April 12, 2001.[1] Defendants have construed Buckner's motion as a motion to alter or amend judgment filed pursuant to Fed. R. Civ. P. 59(e) and oppose the motion.

## II. Question Presented

Should Buckner's motion to alter or amend judgment be denied?

Suggested answer in the affirmative.

## III. Argument

A motion under Fed. R. Civ. P. Rule 59(e) may be granted based on "1) an intervening change in controlling law; 2) the availability of new evidence; or 3) the need to correct clear error or to prevent manifest injustice." North River Insurance Co. v. Cigna Reinsurance Co., 52 F.3d 1194, 1218 (3d. Cir. 1995). Buckner does not allege an intervening change in law or the availability of new evidence. Rather, it appears he feels the need to "prevent manifest injustice" on behalf of himself and others ignorant of the exhaustion requirements of the PLRA.

---

[1] Buckner's certificate of service indicates that he mailed a copy of his motion to the undersigned on April 8, 2001. However, the envelope in which it was mailed is postmarked April 13, 2001. (Copy attached.)

2

Essentially, Buckner seeks reconsideration of the Court's order on the basis that he was unaware of the ramifications of failing to exhaust his administrative remedies prior to seeking judicial relief. However, simple ignorance is no excuse for failure to exhaust. Rogers v. Board of Educ. of Buena Vista Schools, 2 F.3d 163, 167 (6th Cir. 1993); Fristoe v. Reynolds Metal Co., 615 F.2d 1209, 1214 (9th Cir. 1980); Ashton v. United States, 404 F.2d 95 96, (8th Cir. 1968). Thus, Buckner also fails to demonstrate clear error in the Court's order. The Court has correctly considered the exhaustion requirements of the PLRA and its Order should stand.

### IV. Conclusion

For the reasons stated above, Buckner's Rule 59(e) motion to alter or amend judgment should be denied.[2]

Respectfully submitted,

DAVID M. BARASCH
United States Attorney

MATTHEW E. HAGGERTY
Assistant U.S. Attorney
MICHELE E. LINCALIS
Paralegal Specialist
316 Federal Building
240 West Third Street
Williasmport, PA 17703

Date: April __, 2001

---

[2] Buckner's motion should also be deemed withdrawn for his failure to file a supporting brief pursuant to Rule 7.5 of the Local Rules of this Court.

3



MR. MATTHEW E. HAGGERTY, ESQ, AUSA
OFFICE OF THE U. S. ATTORNEY
316  FEDERAL BUILDING
240 WEST THIRD STREET
WILLIAMSPORT        PENNSYLVANIA      17703

Inmate Name: ROBERT LEON BUCKNER
Register Number: 33001-037
LEC Unit #1
Federal Prison Camp
P.O. Box 2000
Lewisburg, PA 17837

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT LEON BUCKNER,
  Plaintiff

  v.        Civil No. 1:CV-00-1594
            (Caldwell, J.)

DR. ANTHONY BUSSANICH, M.D.,
and DONALD ROMINE, Warden, USP,
  Defendants

### CERTIFICATE OF SERVICE BY MAIL

  The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

  That on April 27, 2001, she served a copy of the attached

### BRIEF IN OPPOSITION TO PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

Robert Leon Buckner
Reg. No. 33001-037
LEC Unit K01-009L
P.O. Box 2000
Lewisburg, PA 17837

               _/s/ Michele E. Lincalis_
               MICHELE E. LINCALIS
               Paralegal Specialist