IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT LEON BUCKNER,

    Plaintiff, pro se

v.

    CIVIL No. 1:CV-00-1594
    (Caldwell, J.)

DR. ANTHONY BUSSANICH, M.D.
& DONALD ROMINE, WARDEN, U.S.P.,

    Defendants.

FILED
HARRISBURG
MAY 0 7 2001
MARY E. D'ANDREA, CL[ERK]
Per _____
DEPUTY CLERK

### PLAINTIFF'S REPLY TO DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S RULE 59 MOTION TO ALTER OR AMEND JUDGEMENT

COMES NOW, Robert Leon Buckner, Plaintiff proceeding pro se in this action, [1] and replies to the Defendant's brief in opposition to Plaintiff's Rule 59 motion to alter or amend judgement.

### BRIEF HISTORY

In September, 2000, Plaintiff filed a civil action to be commenced under, inter alia, Bivens, §1983, Medical Malpractice and/or Medical Negligence, against Defendants Bussanich and Romine. On September 28, 2000, this Court dismissed the action, without prejudice, for failure to exhaust remedies. However, upon reconsideration, the case was reopened on November 8, 2000, "to explore whether a prisoner can maintain a cause of action after he has perhaps inadvertently defaulted on his administrative remedies." (Order dated November 8, 2000, at page 2.) By order dated April 3, 2001, the District Court granted summary judgement in favor of Defendants for Plaintiff's failure to exhaust.

---

[1] Plaintiff filed his complaint pro se but has moved for appointment of counsel on a number of occasions. The Court has held his motions in abeyance.

The Plaintiff filed a motion to alter or amend judgement on April 8, 2001, and mailed a copy to counsel for Defendants on that day.[2/] On April 27, 2001, counsel for Defendants mailed a copy of their "Brief in Opposition..." to Plaintiff.[3/] Defendants oppose Plaintiff's motion citing the cases of North River Insurance Co. v. Cigna Reinsurance Co., 52 F.3d 1194, 1218 (3rd Cir. 1995)[4/], and Rogers v. Board of Education of Buena Vista Schools, 2 F.3d 163, 167 (6th Cir. 1993)[5/], and cases cited therein.

---

[2/] Although the Defendants seem to question the dates of service; that the envelope containing their copy of Plaintiff's rule 59 motion shows a postmark of April 13, 2001, and the certificate of service shows a copy was mailed to them on April 8, 2001. Nevertheless, this issue is null and void considering the "mail box" rule, as well as the fact that April 13 is still within the time frame.

[3/] Since Plaintiff received his copy of Defendant's "opposition..." on April 30, there is no doubt that it was mailed on April 27, 2001. But, there is no actual date (April __, 2001) indicated that it was filed with this court. (see, page 3 of Defendant's "Opposition...")

[4/] The North River Insurance case was that of the efforts of one insurance company attempting to recover defense costs from another insurance company which it incurred during litigation in a dispute between an excess insurer and a reinsurer over who should pay defense litigation costs of $13 million arising out of a large asbestos injury claim.

In fact, this case is much different where it is not only monetary damages being sought, but also emergency injunction relief. In the case at bar, the Plaintiff has suffered, is continuing to suffer, and will continue to suffer, extreme and severe bodily, physical and psychological damage without this Court's intervention.

It is issues such as this that should persuade this Court to grant appointment of counsel; where your Plaintiff is not an attorney and does not have a degree in the field of law. Had Plaintiff had such schooling, he would have known to bring the issues forth to reflect "1) intervening change....2) new evidence.. ...3) or to prevent manifest injustice..."

Plaintiff takes this opportunity to, again, request appointment of counsel.

[5/] In Rogers, the Plaintiff was a teacher who brought a discrimination action and, in fact, the court ruled that "Plaintiffs need not exhaust administrative remedies..." Nonetheless, in this case Plaintiff was aware of a "constitution" that explained his rights to remedies. In the instant case, Buckner (Plaintiff) was only made aware that a remedy procedure "existed" and told nothing futher; especially not about any "exhaustion requirements."

If "simple ignorance...[is]...no excuse," then Defendants have wasted much time in persuading this Court that "Buckner was educated on the administrative procedure." (see, Defendant's Brief in Support...Motion to Dismiss, pg. 8).

## ARGUMENT

First and foremost, Plaintiff submits that the issues of which are surfacing in this case are those of "law." Even if this Court were to hold Plaintiff's filings "to less stringent standards than formal papers drafted by lawyers," <u>Haines v. Kerner</u>, **404 U.S. 519, 520 (1972)**, he could not overcome his inability to fully argue the points of law, since he is not learned in law as is the Defendant's counsel and this Court. (<u>See</u>, <u>also</u>, <u>U.S. v. Mosquera</u>, 845 F.2d 1122, 1124-25 (1st Cir. 1988); <u>U.S. v. Garth</u>, 188 F.3d 99, 108 (3rd Cir. 1999); <u>U.S. v. Torres</u>, 163 F.3d 909, 910 n.5 (5th Cir. 1999); <u>U.S. v. Riascos</u>, 76 F.3d 93, 94-95 (5th Cir. 1996); <u>U.S. v. Ammar</u>, 919 F.2d 13, 14-15 (3rd Cir. 1990). This obstacle, and taking the fact that Plaintiff has, is, and will continue to suffer irreparable physical and psychological injury and damage, should be grounds for this Court to amend and alter its judgement and appoint counsel to further his cause, in fundamental fairness and in the interest of justice, as well as humanity.

Defendants argue that "simple ignorance is no excuse" and cites in support, <u>Rogers v. Board of Educ. of Buena Vista Schools</u>, <u>supra</u>. However, this was an issue where a "teacher" who belonged to a union that had a "constitution" which thoroughly outlined the administrative remedy procedure and exhaustion requirements and "was [a] written document that teacher should have reviewed to ascertain his rights." <u>Id.</u>, **at 167.** Whereas, in the instant case, Plaintiff was merely "told" of the "existence" of an administrative remedy procedure. (<u>See</u>, Reply Brief of Plaintiff, Opposing Defendant's Motion to Dismiss, at pg. 10.) Plaintiff was never informed of any exhaustion "requirement" nor does the Code of Federal regulations ("CFR") or any other Policy Statement refer to any exhaustion requirement.

If this Court does not rule in favor of Plaintiff insofar as the exhaustion requirement, and hold that prison administrations must make prisoners aware of this exhaustion requirement, it will be tantamount to holding up the "rug" to allow prison officials to "safely sweep under" it manifest injustice such as they have, thus far, with the Plaintiff in this case.

Your Plaintiff realizes that the decision whether to alter or amend a judgement is committed to the trial judge, <u>Servants of Paraclete v. Does</u>, 204 F.3d 1005, 1012 (10th Cir. 2000). He is also aware that the Court "may take into consideration <u>an attorney's conduct</u> in determining whether to reopen a case," <u>Ford Motor Credit Co. v. Bright</u>, 34 F.3d 322, 324 (5th Cir. 1994), and that "a decision regarding whether to reopen a case must be viewed in light of all the relevant circumstances on a case-by-case basis." <u>Id.</u>, at 324-25. Thus, it could consider this "<u>pro se</u> Plaintiff's" actions, or his "conduct", inasmuch as he is unlearned at law. Hence, it could reopen the case and appoint counsel.

Perhaps the Court "misapprehended the facts, or....position" of Plaintiff in his "reply brief" where he explained the Defendant's negligence in informing him and other prisoners of the "exhaustion requirement" of the PLRA when he and others were, (and they continue to be), made aware of the existence of a remedy procedure. (<u>See</u>, Reply Brief of Plaintiff, in Opposition to Defendant's Motion to Dismiss, pg. 10.) "Thus, a motion for reconsideration is appropriate." <u>Servants of Paraclete v. Does</u>, 204 F.3d 1005, at 1012 (10th Cir. 2000).

Wherefore, Plaintiff respectfully requests that this Court grant his motion to alter or amend; reopen the case; appoint counsel to represent Plaintiff at this junction; and order any other relief

4.

that this Court deems just, proper and appropriate; not to exclude consideration of an emergency preliminary injunction of which the Plaintiff has previously moved for.

Respectfully submitted,

DATE: May 2, 2001.

Robert Leon Buckner,
    Plaintiff, pro se
BOP REG. No. 33001-037
Federal Prison Camp Lewisburg
P.O. Box 2000 - Unit K01-009L
Lewisburg, Pennsylvania 17837

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this Reply was mailed, first class postage prepaid, on this 2nd day of May, 2001, to: Mr. Matthew, Esq., AUSA, 316 Federal Building, 240 West Third Street, Williamsport, Pennsylvania 17703.

_____
Robert Leon Buckner