*See attach*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT LEON BUCKNER,    :
    Plaintiff
                                :

vs.                            :    CIVIL ACTION NO. 1:CV-00-1594

DR. ANTHONY BUSSANICH,    :
DONALD ROMINE, Warden
    Defendants          :

O R D E R

FILED HARRISBURG
JUN 0 5 2001
MARY E. D'ANDREA, CLERK
Per _____
DEPUTY CLERK

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

    Under Fed. R. Civ. P. 59(e), the pro se plaintiff, Robert Leon Buckner, an inmate at FPC-Lewisburg, Pennsylvania, has filed a timely motion to alter or amend, seeking to reopen this case.

    In his complaint, the Plaintiff sought monetary and injunctive relief based on the Defendants' alleged refusal to provide proper treatment for his Meniere's disease. By memorandum and order dated April 3, 2001, we granted the Defendants summary judgment and dismissed the case without prejudice for failure to exhaust administrative remedies.

    In his motion to alter or amend, the Plaintiff concedes that he knew about his administrative remedies but that the Defendants never told him about the requirement that he exhaust those remedies before he could file a civil rights action. In the

AO 72A
(Rev.8/82)

absence of such notice, he asserts that he should be allowed to pursue this lawsuit.[1]

We agree with the Defendants that the Plaintiff cannot excuse his failure to exhaust by claiming ignorance of its consequences. The governing statutory section, 42 U.S.C. § 1997e, was in effect in 1996, long before the Plaintiff's claim arose. See Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)("This is not a case where the event giving rise to the claim occurred before passage of [section 1997e], thereby raising questions about whether it is fair to require the prisoner to know that administrative remedies must be exhausted before filing a complaint in federal court.").[2]

Accordingly, this 5th day of June, 2001, upon consideration of the Plaintiff's motion to alter or amend, filed on April 12, 2001, it is ordered that the motion is denied.

WILLIAM W. CALDWELL
United States District Judge

---

[1] The Plaintiff also contends that prison personnel intimidate and obstruct inmates desiring to use their administrative remedies. We will not address this claim because the Plaintiff does not allege that he himself was intimidated or prevented from using those remedies.

[2] We decline to rely on the other grounds the Defendants raise for denying the motion, that the Plaintiff did not brief it and that it does not meet the legal standard for considering motions to alter or amend.

2

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

June 5, 2001

Re: 1:00-cv-01594    Buckner v. Bussanich

True and correct copies of the attached were mailed by the clerk to the following:

Robert Leon Buckner
USP-LEW2
Federal Prison Camp
33001-037
P.O. Box 2000, Unit 1
Lewisburg, PA 17837-2000

Matthew Edward Haggerty, Esq.
Office of the U.S. Attorney
309 Federal Building
Scranton, PA 18501

cc:
Judge                        ( )              ( ) Pro Se Law Clerk
Magistrate Judge             ( )              ( ) INS
U.S. Marshal                 ( )              ( ) Jury Clerk
Probation                    ( )
U.S. Attorney                ( )
Atty. for Deft.              ( )
Defendant                    ( )
Warden                       ( )
Bureau of Prisons            ( )
Ct Reporter                  ( )
Ctroom Deputy                ( )
Orig-Security                ( )
Federal Public Defender      ( )
Summons Issued               ( ) with N/C attached to complt. and served by:
                                  U.S. Marshal ( )   Pltf's Attorney ( )
Standard Order 93-5          ( )
Order to Show Cause          ( ) with Petition attached & mailed certified mail
                                  to: US Atty Gen ( )   PA Atty Gen ( )
                                      DA of County ( )  Respondents ( )
Bankruptcy Court             ( )
Other _____        ( )

MARY E. D'ANDREA, Clerk

6/5/01